UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

———————————

No. 18-3185

———————————

| | | |
|---|---|---|
| EDWARD A. WEINHAUS | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appeal from the |
| | ) | United States District Court |
| v. | ) | Northern District of Illinois |
| | ) | Eastern Division |
| NATALIE B. COHEN, | ) | No. 1:18-cv-02471 |
| STEVEN COHEN, | ) | |
| BARRY CHERNAWSKY, | ) | |
| ADRIENNE CHERNAWSKY, | ) | Honorable Rebecca R. Pallmeyer |
| and | ) | District Judge |
| the STATE OF ILLINOIS | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**PLAINTIFF-APPELLANT EDWARD A. WEINHAUS'**

**RESPONSE TO BILL OF COSTS**

I.     **INTRODUCTION**

Appellant Edward A. Weinhaus ("Weinhaus") already has paid Appellees (collectively,

the "Cohen defendants") $23,500 towards their legal fees for the district court action and the

instant appeal.  For the reasons described below, their Bill of Costs does not support them

receiving any more money from Weinhaus.

As a threshold matter, as the moving parties it is the Cohen defendants' burden to prove

their damages.  Rule 38 damages are limited to actual expenses and not whatever an appellee

purports is "reasonable."  Nevertheless, the Bill of Costs is murky as to whether the

"contemporaneous" raw time entry records pasted therein were ultimately fully invoiced to the

1

Cohen defendants.

Secondly, the Cohen defendants do not properly account for the $23,500 already paid by Weinhaus. In their Bill of Costs they claim that Weinhaus only should receive a credit of $2,772.50 towards the appellate fees. To arrive at this figure, however, they engage in some creative accounting this Court should reject. The state court excluded $10,000 of the fees spent on the district court action when assessing the $23,500 to be paid by Weinhaus. Thus, instead of subtracting $20,727.50 from $23,500 to determine the funds that can be allocated to appellate fees one must subtract $10,000 less – or $10,727.50. This leaves $12,772.50 to be credited towards appellate fees.

Third, the Bill of Costs includes fees that do not fall under Rule 38. Rule 38 only provides for fees and costs for opposing the portions of an appeal deemed frivolous. In this matter, this would include the fees and costs in preparing and filing the Cohen defendants' Response Brief. Thus, the fees for the Rule 38 Motion along with the Motions to Extend and to Enjoin or Dismiss must be excluded.

Fourth, using the Cohen defendants' own representations to the state court and to this Court regarding their fees they already have been reimbursed for all of their appellate fees – including those falling outside Rule 38's purview. This can be confirmed using two different methods of calculation set forth below.

Finally, the Cohen defendants ask the Court to give them a double-recovery for their fees based on the fanciful notion that sometime in the future Weinhaus might successfully appeal the state court's April 8 Order requiring him to pay their fees. They cite no authority supporting this sort of provisional remedy and give reason why Weinhaus might prevail in an appeal. In any event, at the present time they suffered no Rule 38 damages because Weinhaus already paid their fees. To avoid this even being an issue, Weinhaus waives his right of appeal in this filing.

Based on the foregoing, the Cohen defendants should not recover any additional money from Weinhaus pursuant to their Bill of Costs.

II.    **STATEMENT OF PERTINENT FACTS**

On September 14, 2018, the district court dismissed the underlying action.

On October 12, 2018, Weinhaus filed a notice of appeal.

On October 24, 2018, Appellee Natalie B. Cohen ("Natalie") filed a Motion (the "State Fee Motion") in the family law proceedings in state court to recover legal fees and costs for all Cohen defendants in the federal litigation. (Weinhaus Decl. (Ex. 1) at ¶ 2; Ex. 2.)  The State Fee Motion stated that the Cohen defendants had incurred $22,152.50 in fees in the district court action.  (Ex. 2 at ¶ 10.)  Also, the Motion stated that a retainer of $10,000 had been applied to the district court fees.  (Ex. 2. at ¶ 10.)  The State Fee Motion requested that Weinhaus be ordered to pay (1) the $12,152.50 in outstanding legal fees and (2) $15,000 in projected future fees for the impending appeal.  (Ex. 2.)

In support of Natalie's State Fee Motion, she attached the retainer agreement between all Cohen defendants and the firm of Hurst, Robin and Kay, LLC. (Ex. 2 (Exhibit D of Natalie's State Fee Motion).)  The agreement lists a maximum billable rate of non-court time of $395 per hour. (*Id*.)  The agreement does not reference the firm of Heffner Hurst or any of its attorneys or indicate outside counsel might be used.  (*Id*.)

On December 3, 2018, Weinhaus filed his Opening Brief in the instant appeal.

On April 8, 2019, the state court held the Hearing for the State Fee Motion.  (Ex. 1 at ¶ 3; Ex. 3.)  At the Hearing, counsel for the Cohen defendants provided an accounting of the legal fees and costs in the instant litigation.  Counsel represented that the fees and costs for the litigation – in both the district court and the instant appeal – was $26,000:

- "Now, in the federal case, she has incurred $26,000 in fees..." (Ex. 3, Page 13 Lines 12-13);

- "Natalie borrowed $10,000 from her parents to pay my retainer. Balance of the $26,000 in fees is yet to be paid." (Ex. 3, Page 15 Lines 22-24);

- "$26,000 to cover the current costs" (Ex. 3, Page 17 Lines 4-5);

- "Yeah [$26,000], total." (Ex.  3, Page 21 Lines 2-3);

3

- "[T]his is limited to the federal case, and the amount·is $26,000 that have [sic] been billed so far."  (Ex. 3, Page 42 Lines 41-43);

- "I have been paid 10-.  I billed 20·  ·26-.  So that 10- is applied against the [$26,000].  There are 16- to date that's unpaid."  (Ex. 3, Page 43 Lines 19-21);

- "That's included.  The total bill, as we stand here now, is [$26,000].  That's been billed." (Ex. 3, Page 42 Lines 6-7).

In addition, at the State Fee Motion Hearing, counsel requested prospective fees in the amount of $7,500 to "bring the matter to conclusion."[1]  (Ex. 3, Page 42 Lines 8-9.)

Ruling from the bench at the April 8, 2019 Hearing, the Hon. Regina Scannicchio granted the State Fee Motion.  (Ex. 3, Page 42 Line 13 through Page 43 Line 13.)  She entered an Order requiring Weinhaus to pay $16,000 for the Cohen defendants' outstanding fees and $7,500 for their "prospective" fees – for a total of $23,500.  (Ex. 3, Page 43 Lines 10-12.).

Judge Scannicchio *declined to order Weinhaus to pay Natalie for the $10,000 retainer* already applied to district court fees.  (Ex. 3, Page 43 Lines 3-10.)

On April 30, 2019, the Cohen defendants filed their Response Brief in the instant appeal.

On June 21, 2019, the Cohen defendants filed their Rule 38 Motion for Sanctions.  (Dkt. 39.)  The Motion requested "that this Court order Weinhaus to pay any attorney's fees not covered by the state court's award of fees…"

By July 15, 2019, Weinhaus had paid the entire $23,500 amount ordered by Judge Scannicchio to the Cohen defendants' attorneys pursuant to the State Fee Order.[2]  (Dkt. 46, BJH Decl. at ¶ 11; Ex. 1 at ¶ 4.)

On July 16, 2019, this Court affirmed the district court, granted the Rule 38 Motion and directed Appellants to file a statement of fees and costs specific to the appeal.  (Dkt. 44.)

---

[1] Appellees did not disclose to the state court that the prospective fees would be used to pursue duplicative sanctions in federal court.

[2] Weinhaus paid this amount in installments from April 22, 2019 through July 15, 2019.

On July 29, 2019, the Appellees filed their Bill of Costs in the form of Declarations from their counsel, Brian J. Hurst, and his brother Matthew Hurst with the firm of Heffner Hurst.[3] (Dkt. 46.)

The Bill of Costs indicates a total of $16,411 in legal fees plus $42 in costs for the period of the appeal.  (Dkt. 46, BJH Decl. at ¶¶ 8-9.)  The Bill of Costs also reflects that the expenses specific to responding to Weinhaus' arguments in his appellate brief consist of $8,961 in legal fees and $42 in costs.[4]  The Bill of Costs does not include a representation agreement between the Cohen defendants and Heffner Hurst.

## III.     LEGAL ARGUMENT

### A.     No Damages Should Be Awarded Because the Bill of Costs Is Vague as to What Fees the Cohen Defendants Actually Incurred and It Also Fails to Accurately Account for Weinhaus' $23,500 Payment

1.     Rule 38 provides a remedy of actual damages, but counsel's Declarations do not make it clear what the Cohen defendants actually incurred in legal fees

As the moving parties, it is the Cohen defendants' burden to demonstrate to the Court what their actual damages were for Rule 38 purposes.  The Bill of Costs fails to do this, and for this reason alone the Cohen defendants should not receive anything in addition to the $23,500

---

[3] Heffner Hurst has no representation agreement with the client. The retainer agreement between the Cohen defendants and Hurst, Robin and Kaye only allows the hiring of attorneys "at the firm" and includes a maximum billing rate of $395/hour.

[4] The following calculation is from the Declarations of Brian Hurst and Matthew Hurst. Dkt. 46.

Brian Hurst claims that he invoiced $836 in fees to responding to the Appeal, and Matthew Hurst claims he invoiced $5,850 for his fees on responding to the Appeal.

Brian Hurst's specific hours and rates directly related to the appeal are all the items up to and including January 14, 2019: 12/12/18: .8 hours / $395, 1/13/19 1.3 hours / $400.  Matthew Hurst itemizes 11 items for 12.5 hours – all of the items up to and including January 10, 2019 for proposed costs of 12.5 x $650 = $8,125.

The sum of $8,125 and $836 = $8,961.

5

they already received.

The purpose of Rule 38[5] "is to compensate appellees who are forced to defend judgments awarded them in trial court from appeals that are wholly without merit, to preserve appellate court calendar for cases worthy of consideration, and to discourage litigants from unnecessarily wasting opponents' time and resources." *Nagle v. Alspach*, 8 F.3d 141, 145 (3rd Cir. 1993).

Although Rule 38 allows a court to grant either "single or double costs" to an appellee, with respect to other types of expenses – such as attorneys' fees – the statute only provides that "just damages" may be awarded. *See Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 630-31 (9th Cir. 2017) (holding that attorneys' fees awarded under Rule 38 are pursuant to the "just damages" language).

Under Rule 38 "the only inquiry in determining the propriety of the amount of attorney fees to be paid as damages by an appellant who has filed a frivolous appeal is whether the appellee *actually incurred* the fees sought in defending against the appeal." *Sun–Tek Indus. v. Kennedy Sky–Lites, Inc.*, 865 F.2d 1254, 1255 (Fed. Cir. 1989) (emphasis added).

In this matter, the Bill of Costs is couched in such terms that it is unclear what the Cohen defendants were actually invoiced by counsel. For example, attorney Matthew Hurst wrote that "[m]y partner and I have spent the following time on this appeal, taken from our contemporaneously kept time records." While raw time records *might* reflect what the Cohen defendants were invoiced, they likely do not. Attorneys frequently reduce hours for certain tasks that might seem excessive to the client or even reduce their hours to avoid giving a valued client "sticker shock" from an invoice.

In this case, it is likely that the Cohen defendants' invoices are not the same as the counsel's raw "contemporaneously kept" time records. The Cohen defendants apparently never formally retained Heffner Hurst, and Heffner Hurst's billable rate is $650 per hour whereas Cohen defendants are accustomed to paying $395 per hour.

---

[5] Rule 38 provides: "If a court of appeals shall determine that an appeal is frivolous, it may award… just damages and single or double costs to the appellee." Fed. R. App. P. 38.

In sum, counsels' raw time records standing alone do not support a Rule 38 award that must be limited to "just damages." Fed. R. App. P. 38.

> 2. Since the Bill of Costs does not accurately account for Weinhaus' payment of $23,500, the Cohen defendants should not receive any additional fees

Equally problematic is that the Bill of Costs inaccurately accounts for the $23,500 already paid by Weinhaus. The Cohen defendants claim that Weinhaus only should receive a credit of $2,772.50. (Dkt. 46, BJH Decl. at ¶ 16). This figure results from their ignoring the fact that Weinhaus was not responsible for $10,000 of the district court fees. (Ex. 3, Page 43 Lines 3-10.) This is because Judge Scannicchio refused to hold Weinhaus responsible for the $10,000 retainer all of which was exhausted before the district court action was dismissed. (Id.; Ex. 2 at ¶ 10.) This means that instead of the Cohen defendants having $20,727.50 of reimbursable expenses for the district court action, they only have $10,727.50 (or $10,000 less).

That means a much larger portion of Weinhaus' $23,500 payment – or $12,772.50 – remains to be applied against to the Cohen defendants' appellate expenses. After deducting the appellate fees not covered by Rule 38 (described below), the Cohen defendants' damages are entirely eliminated. Therefore, they should not be awarded any additional money from Weinhaus.

> **B.** **The Bill of Costs Must Be Reduced By All the Fees Not Spent Opposing the Portions of the Appeal Deemed Frivolous**
>
> 1. The Cohen defendants cannot recover the $5,072.50 in fees for pursuing a Rule 38 motion

Presuming *arguendo* that the Cohen defendants established a right to any additional fees from Appellant – which they have not – the fees incurred pursuing the instant Rule 38 Motion must be excluded. Based on Appellee's Bill of Costs, this totals $5,072.50.

Under Rule 38, recoverable fees and costs are limited to appellees' "direct" fees and costs for defending against the "frivolous portions of an appeal." *Blixseth,* 854 F.3d at 630-31. On the

7

other hand, a Rule 38 award "may not include fees and costs incurred regarding the imposition of sanctions." *Id*. at 631.  In other words, an appellee cannot recover "fees-on-fees." *Id*. at 630.

Because the Bill of Costs includes 7.25 hours of purported work on the Rule 38 Motion by attorney Matthew Hurst's firm – totaling $4,712.50 – and .9 hours by attorney Brian J. Hurst – totaling $360 – the Bill of Costs must be reduced by a minimum of $5,072.50.

2.     The Cohen defendants cannot recover for time expended on other procedural matters not adjudicated as frivolous

"Only the direct costs of opposing an offending pleading or motion" can be recovered in a Rule 38 Motion. *Blixseth,* 854 F.3d at 630.  In their Bill of Costs, however, the Cohen defendants seek an award of fees for time spent opposing Weinhaus' Motion to Extend filed on March 27, 2019 and Motion to Enjoin or Dismiss filed on April 23, 2019.  (Dkt. 23; Dkt 28.) Since these fees were not the direct costs incurred opposing the offending pleading – Weinhaus' appellate brief – they are not recoverable.  In fact, the Cohen defendants did not address the basis of these Motions in their Rule 38 Motion for the Court to adjudicate.

Based on the Bill of Costs, counsel invoiced $1,297.50 collectively on those motions (presuming the invoices match the raw time records).[6]  Therefore, this amount must also be deducted.

Accordingly, the fees and costs requested by Appellees must be reduced by $5,072.50 for the Rule 38 Motion and $1,297.50 for the Motion to Extend and Motion to Enjoin or Dismiss. This totals a $6,370 reduction.

---

[6] This total is calculated as the sum of both Brian Hurst's Declaration and Matthew Hurst's Declaration in the Bill of Costs.  The Brian Hurst Declaration states he spent .4 hours at $400/hour for a total of $160. Heffner Hurst states they spent 1.75 hours at $650/hour for a total of $1,137.50.  The sum of $160 and $1,137.50 is $1,297.50.

**C.**     **The Cohen Defendants Should Not Receive Anything More from Weinhaus Because He Already Paid All of Their Recoverable Fees**

1.     Double-recovery of legal fees is not contemplated by Rule 38, so any fees already paid by Weinhaus must be deducted

The Bill of Costs must be further reduced because Rule 38 does not permit awarding a double-recovery.  Even in the context of Fed. R. Civ. P. 11 ("Rule 11") sanctions, courts generally avoid awarding a "double recovery" of fees.  *See, e.g. Maale v. Kirchgessner*, 2012 U.S. Dist. LEXIS 96903 (S.D. Fla. 2012).  Rule 38 awards, however, are for *damages* "actually incurred" by aggrieved appellees.  *Sun–Tek Indus.*, 865 F.2d at 1255.  It is axiomatic that if a party already has been reimbursed, it is not damaged.  Thus, the general disfavor of awarding a double-recovery in the context of Rule 11 sanctions appears to be absolute in the context of Rule 38.  The only amounts Rule 38 allows that do not consist of actual damages relate to awarding "double costs."  *See* Fed. R. App. P. 38.

In this matter, if the Cohen defendants' fees recoverable under Rule 38 already have been paid by Weinhaus they have suffered no damage.  Or, alternatively, if a portion of these fees already have been paid by Weinhaus, they only have suffered damage to the extent they have not been paid.

2.     Weinhaus already paid the Cohen defendants' fees and costs from the appeal – including those not recoverable under Rule 38

To determine what portion of the $23,500 paid by Weinhaus reimbursed the Cohen defendants for the fees incurred litigating the appeal, it is first necessary to determine how much of the $23,500 Weinhaus paid must be allocated to fees arising from litigation in the district court.[7]  This figure can then be subtracted and the residue applied to the appellate court fees.

---

[7] It should not be Appellant's burden to reverse-engineer the moving parties' various representations to the state court and to this Court regarding their fees, but it seems incumbent on him to do so to avoid the risk of double-payment.

Two methods can be used to calculate this using the Cohen defendants' own representations to this Court and the state court.  Both methods reach the same result – the Cohen defendants already have been fully paid for their appellate fees recoverable under Rule 38.

### a.     Method 1

In Appellee's Bill of Costs, counsel states that the entire expenditures for the district court action were $20,727.50.  (Dkt. 46 at ¶12.)  Subtracting the $10,000 retainer – for which Appellant was not responsible and which were spent before the appeal – leaves a balance of $10,727.50.  (*See* Statement of Facts, *supra*; Ex. 2 at ¶ 10.; Ex. 3 Page 43 Lines 3-10.)  Appellant's payment of $23,500 covered this balance and left a residual amount of $12,272.50 to apply to the Cohen defendants' appellate expenditures.

Rule 38 only allows an award of fees and costs "frivolous portions of an appeal."  *See Blixseth*, 854 F.3d at 630-31.  In this matter, all of the attorney's fees for the "direct" costs recoverable under Rule 38 – responding to Weinhaus' frivolous appeal – were incurred on or before January 14, 2019 when they completed work on their Response Brief.  This totals $8,961. (See Calculation in Note 4, *supra*; Dkt. 46.)

The $12,272.50 residual amount exceeds the $8,961 direct fees and costs recoverable under Rule 38.  Even if only the fees arising from the instant Rule 38 Motion – or $5,073 – are excluded pursuant to *Blixseth*, the fees recoverable are only $11,339.  This is still less than the residual amount of $12,272.50 remaining from the $23,500 payment.

Accordingly, based on the Cohen defendants' own numbers they already have been reimbursed and have no damages to recover under Rule 38.

### b.     Method 2

On April 8, 2019, counsel for Appellees represented multiple times to the state court that the total amount of fees incurred in the federal litigation – both district court and appellate – as of that date was $26,000.  (*See* Statement of Facts, *supra*.)  According to the Bill of Costs in support of the instant Motion, since April 8, Appellees incurred an additional $6,882.50 of legal

fees (plus $42 of costs).[8]

Therefore, Appellee's expenses for entire federal litigation – including the district court, the appeals and the Rule 38 motion – is $32,924.50.

Appellees paid a $10,000 retainer for the action in the district court, which the state court did not award to Natalie.  (*See* Statement of Facts, *supra*; Ex. 3 Page 43 Lines 3-10.)  It is clear, however, that none of the $10,000 was spent on the appeal because counsel reported to the state court on October 24, 2018 that they had spent $22,152.50 in the district court and applied the $10,000 retainer against that amount.  (Ex. 2 at ¶10, ("Natalie paid $10,000 in legal fees…")).  Subtracting the $10,000 retainer from the total expenditures of $32,924.50, the remaining maximum reimbursable expenditures is $22,924.50 for both the district court action and the appeal.

It is undisputed, however, that Appellant already paid $23,500.  This payment exceeds $22,924.50.   (This reflects why the Cohen defendants requested and received $23,500 from Judge Scannicchio; the payment covered the outstanding fees ($16,000) plus the estimated $7,500 in prospective fees. (Ex. 3, Page 43 Lines 10-12.)

Put another way, the $10,000 retainer plus the $23,500 paid by Weinhaus - $33,500 - exceeds all possible invoiced amounts - $32,924.50 - in all the federal litigation combined, including the disallowed fees for Rule 38.

If the $16,411 the Cohen defendants allegedly might be invoiced for the appeal is further reduced by the amounts not recoverable under Rule 38 – $6,370 as described above – then it becomes even more evident that the Cohen defendants should not recover any additional monies from Weinhaus.

---

[8] The Bill of Costs state that all fees after April 8, 2019 consist of the following: (1) Brian Hurst incurred 3.8 hours at $400 for $1,520, and (2) Matthew Hurst incurred 8.25 hours for $5,362.50.  (Dkt 46.) This totals $6,882.50.

11

**D.**     **The Court Should Reject the Invitation of Appellees To Grant Them a Double-Recovery on the Speculation of a Successful Appeal of the State Fee Motion**

Appellees suggest that the Court should order Appellant to pay Rule 38 damages on the highly tenuous proposition that Appellant might appeal the state court's April 8, 2019 Order, prevail before the state appellate court and recoup the $23,500 he paid them.  Appellees provide no legal rationale why Judge Scannicchio's Order might be reversed on appeal.

More importantly, Appellees provide no legal authority that their speculation can change the reality that at the present time they have suffered no damage because they already have been reimbursed.  Nonetheless, to avoid the risk of double-paying Appellee's fees on this rationale Appellant hereby waives his right to pursue an appeal of the April 8, 2019 Order.

Accordingly, the Cohen defendants should receive nothing by way of their Bill of Costs.

## IV.     CONCLUSION

Appellant respectfully requests that the Cohen defendants do not receive any additional recovery pursuant to their Bill of Costs.

August 19, 2019

By:     */s/ Edward A. Weinhaus*
          EDWARD A. WEINHAUS
          10859 Picadily Square Dr.
          St. Louis, MO  63146
          314 580 9580
          eaweinhaus@gmail.com

12

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on August 19, 2019, I electronically filed the foregoing Plaintiff-Appellant Edward A. Weinhaus motion with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

August 19, 2019

*/s/ Edward A. Weinhaus*
EDWARD A. WEINHAUS
10859 Picadily Square Dr.
St. Louis, MO  63146
314 580 9580
eaweinhaus@gmail.com

**CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 27**

I hereby certify that this motion was prepared using Microsoft Word.  It contains no more than 3,762 words of proportionally spaced type.  The typeface is Times New Roman, 12 point, with footnotes in 11 point type, in compliance with F.R.A.P. rule 27(d)(1) and Circuit Rule 32.

August 19, 2019

*/s/ Edward A. Weinhaus*
EDWARD A. WEINHAUS
10859 Picadily Square Dr.
St. Louis, MO  63146
314 580 9580
eaweinhaus@gmail.com

13